# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAFART CONSTRUCTION GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ICON BUILDERS, LLC, <br><br> Defendant. | Civ. No. 2:17-01283 <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Nafart Construction Group, LLC ("Plaintiff") brings this action against Icon Builders, LLC ("Defendant"), alleging claims of breach of contract and unjust enrichment. This matter comes before the Court on Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and Plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendant's motion to dismiss is **DENIED** and Plaintiff's motion to remand is **GRANTED**.

## I. BACKGROUND

      Plaintiff is a construction company with its principal place of business located in Newark, New Jersey. Notice of Removal ("Def.'s Notice"), Ex. A, Compl. ¶ 1, ECF No. 1-1 [hereinafter "Compl."]. Defendant is a Texas corporation with its principal place of business in Port Arthur, Texas. Def.'s Notice at ¶ 5. On December 14, 2016, Plaintiff filed suit against Defendant in the Superior Court of New Jersey, claiming breach of contract and unjust enrichment with damages of $90,120.00. *See* Compl. at ¶¶ 3–15. After Defendant failed to timely answer, the Superior Court entered default against Defendant at Plaintiff's request on February 14, 2017. *See* Def.'s Notice, Ex. B at 13–14, ECF No. 1-2. In support of its request, Plaintiff filed an affidavit of service ("Affidavit") issued by a private process server, Guaranteed Subpoena Service, Inc. ("GSSI"), affirming that Defendant was properly served at its New Jersey address on December 28, 2016. *Id.* at 15 [hereinafter "Aff."]. The Affidavit states that "Michelle Harter" was successfully served at 10:18 a.m. and describes her as follows: white; brown hair; between 36 to 50 years of age; between 5'9" and 6'0" in height; and weighing between 131 and 160 pounds. *Id.*

      On February 23, 2017, Defendant filed notice of removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. *See* Def.'s Notice at ¶ 6. A week later, Defendant moved to dismiss

1

the Complaint with prejudice, claiming that Plaintiff never properly served Defendant in accordance with New Jersey law. *See* Br. in Supp. of Mot. to Dismiss ("Dismiss Mot.") 3–4, ECF No. 2-1. Defendant admits that a woman named Michelle Harder works as the office manager of Defendant's New Jersey office, but points to inconsistencies in the Affidavit as evidence that she was never served. Defendant argues that, contrary to the Affidavit, Ms. Harder is actually 5'6" tall, weighs approximately 120 pounds, and had blonde hair at the time of purported service. *See id*. at 2; *see also id*., Ex. B, Harder Aff., ECF No. 2-3. Defendant also highlights the misspelling of Ms. Harder's name as "Harter." *Id*. at 2. Ms. Harder denies having ever received any documents associated with this matter prior to February 23, 2017. Harder Aff. at ¶ 6.

Plaintiff opposes, arguing that service was proper, that the Affidavit creates a rebuttable presumption of the validity of service, and that Defendant's uncorroborated testimony is insufficient to overcome the presumption. *See* Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss ("Dismiss Opp'n") 3–6, ECF No. 4. Plaintiff filed a supporting affirmation from the Chief Technology Officer of GSSI, which stated that GSSI maintains a system that documents the location of a server at the time of service using the GPS coordinates from the server's cell phone. *See* Affirm. of J. Metta ("Metta Affirm."), ECF No. 4-1. The process server's GPS coordinates at the time of service, 10:18 a.m., indicated that the server was within 150 meters of Defendant's New Jersey office. *Id*., Ex. A, ECF No. 4-2. Defendant timely filed a reply. ECF No. 5.

Simultaneous to filing its opposition, Plaintiff filed a motion to remand the matter to the Superior Court, arguing that Defendant's notice of removal was untimely. *See* Br. in Supp. of Mot. to Remand ("Remand Mot.") 3, ECF No. 3-1. Plaintiff largely reiterates the same arguments from its opposition to dismissal that service was proper. *See id*. at 4–7. Likewise, Defendant reiterates its arguments that service was improper. *See* Def.'s Resp. in Opp'n to Pl.'s Mot. to Remand ("Remand Opp'n") 2–6, ECF No. 6. Notably, Defendant argues that since Plaintiff's service was improper, the 30-day time limit for removal did not start until Defendant received notice of default. Consequently, Defendant's removal was timely. *See id*. at 1. Plaintiff filed a reply. ECF No. 7. The Court finds that both motions turn on the same procedural concern about the propriety of service and will address the motions together.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a complaint due to insufficient service of process. "To determine the validity of service before removal, a federal court must apply the law of the state under which the service was made." *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 560 (D.N.J. 2009) (citing *Allen v. Ferguson*, 791 F.2d 611, 616 n.8 (7th Cir. 1986)). Service of limited liability corporations is governed by New Jersey Rule of Court 4:4-4(a)(5), which provides that service is proper when served upon "an officer or a managing agent." *See Erwin v. Waller Capital Partners, LLC*, No. 10-cv-3283, 2010 WL 4053553, at *5 (D.N.J. Oct. 14, 2010).

Diversity jurisdiction requires a dispute between citizens of different states and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." *See* 28 U.S.C. § 1446(b)(1). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." *See* 28 U.S.C. § 1447(c). "[F]ailure to file a notice of removal within the time period provided by the removal statutes is a sufficient ground on which to remand an action." *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 519 (D.N.J. 1998). "The removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (internal quotation omitted).

### III. DISCUSSION

The parties' motions turn on the answer to a simple question: was service proper? If service was proper, then Defendant did not file notice of removal within the 30-day time limit and Plaintiff's motion to remand must prevail. If it was improper, then Defendant's motion to dismiss must prevail because Defendant's notice of removal was timely and this Court retains jurisdiction on diversity grounds. In light of the well-settled policy that "all doubts be resolved in favor of remand," the Court finds that remand is appropriate in the instant case because service was proper. *See Boyer*, 913 F.2d at 111.

"The rule in [New Jersey] is that a sheriff's return of service is part of the record and raises a presumption that the facts recited therein are true. While the presumption is rebuttable, it can be rebutted only by clear and convincing evidence that the return is false." *Garley v. Waddington*, 425 A.2d 1084, 1088 (N.J. Super. Ct. App. Div. 1981). The presumption extends to returns of service made by private process servers authorized to effect service pursuant to New Jersey Court Rule 4:4-3. *Hillside Golf, Inc. v. Gino Inn, Inc.*, 2010 WL 4056552, at *5 (N.J. Super. Ct. App. Div. July 22, 2010), *cert. denied* 12 A.3d 209 (N.J. 2010). Furthermore, "[i]t is generally held that the uncorroborated testimony of the defendant alone is not sufficient to impeach the return." *Goldfarb v. Roeger*, 148 A.2d 189, 192 (N.J. Super. Ct. App. Div. 1959).

Defendant does not dispute that GSSI is an authorized private process server in New Jersey, nor does Defendant argue that Ms. Harder could not accept service on its behalf. Defendant does not contest the GPS coordinates provided by GSSI and does not refute that GSSI's server was, in fact, within 150 meters of its address at 10:18 a.m. on December 28, 2016. *See* Metta Affirm. at ¶ 7. Defendant offers only Ms. Harder's uncorroborated testimony in support of its claim that it was never served. Defendant's sole argument rests on apparent discrepancies between Ms. Harder's physical appearance and the description provided on GSSI's return of service. *See* Dismiss Mot. at 3–4.

Defendant's argument fails. First, the purported discrepancies are minor and do not overcome the presumption of validity. *See Hillside Golf*, 2010 WL 4056552, at *5 (finding

3

that discrepancies in recipient's physical description on the affidavit of service did not overcome the presumption of validity); *New Jersey Re-insurance Co. v. Saintphard*, 2007 WL 3170117, at *6 (N.J. Super. Ct. App. Div. Oct. 31, 2007) (finding that a discrepancy between recipient's age and the age described on the affidavit of service was a "minor" error). Second, the case law is clear that Defendant's uncorroborated testimony, without more, is insufficient to overcome the presumption.[1] *See Hillside Golf*, 2010 WL 4056552, at *5; *Garley*, 425 A.2d at 1088–89 (quoting *Goldfarb*, 148 A.2d at 189). Consequently, the Court finds that Defendant has failed to overcome the presumption of validity of the affidavit of service and that service was proper. Accordingly, Plaintiff's motion to dismiss is **DENIED** and Defendant's motion to remand to the Superior Court is **GRANTED**.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **DENIED** and Plaintiff's motion to remand to the Superior Court is **GRANTED**. An appropriate order follows.

                                                */s/ William J. Martini*
                                                **WILLIAM J. MARTINI, U.S.D.J.**

**Date: June 1, 2017**

---

[1] The Court acknowledges Defendant's secondary argument that Plaintiff failed to file proof of service with the Superior Court as required by New Jersey Court Rule 4:4-7. The rule plainly states, "Failure to make proof of service does not affect the validity of service." Defendant's argument, therefore, has no bearing on whether Plaintiff properly served Defendant.